**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Andrade, on behalf of Anthony Goodman, a minor,<br><br>        Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>        Defendant. | No. CIV-05-3240-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendant United States of America's ("Defendant" or "United States") Motion to Dismiss. (Dkt.#12). After reviewing the pleadings the Court issues the following Order.

**I.      Factual Background**

On October 13, 2005, Plaintiff Ernest Andrade, as the legal guardian of his grandson, Anthony Goodman, filed the instant Complaint in this Court. (Dkt.#1). Plaintiff's suit alleges that in March of 2004, two minor children under the care of Child Protective Services ("CPS") of the Colorado Indian Tribe ("CRIT") were placed in his custody as a foster parent. (Complaint "Compl." ¶10). Anthony Goodman was allegedly sexually assaulted by the two foster children and "suffered serious and permanent bodily injuries" as well as "pain, suffering, aggravation, inconvenience, mental and emotional distress..." that continues to this day. (Compl.¶20,21). Plaintiff alleges that at the time the two children were placed with Plaintiff by CRIT CPS, "it knew, or should have known, that these minors had a history and

propensity for acting out sexually." (Compl.¶11). Further, Plaintiff alleges that it was foreseeable that these minors would act out sexually against another minor and that CRIT CPS was aware that Plaintiff's grandson resided with Plaintiff when it placed the minors with Plaintiff. (Compl.¶12,13). Plaintiff alleges that CRIT CPS breached its duty "to act safely and reasonably" by placing these minors in Plaintiff's home and by failing to inform Plaintiff of the minors' history and propensity to act out sexually. (Compl.¶15,16). Plaintiff's Complaint against the United States is based upon the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§2671-2680. Specifically, Plaintiff asserts that the Bureau of Indian Affairs ("BIA") of the Department of Interior is the "interested agency" of the United States. (Compl.¶4). Plaintiff asserts that the BIA entered into a contract with CRIT in which "the BIA agreed to provide monies for law enforcement and investigative services to [CRIT] and to monitor [CRIT's] use of said funds in accordance with the Contract and applicable law." (Compl.¶7). Plaintiff states that by entering into the Contract, for the purposes of the FTCA, that "[CRIT] and its employees are deemed to be employees of the Federal government while performing work under this Contract." (Compl.¶9).

At the Rule 16 Scheduling Conference held on February 9, 2006, the United States disclosed its intent to file a motion to dismiss for lack of subject matter jurisdiction in this case. (Dkt.#10). The Court then issued its Scheduling Order regarding the briefing and discovery schedule addressing this issue. (Dkt.#11). On April 11, 2006, the United States filed its Motion to dismiss for lack of subject matter jurisdiction. The Parties then engaged in limited discovery and this matter became fully briefed on September 8, 2006. (Dkt.#18).

**II.     Standard of Review**

Federal courts are courts of limited jurisdiction, and subject matter jurisdiction is a threshold matter that must be established by the plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Statutory jurisdictional doubts are to be resolved against federal jurisdiction. See Navajo Tribal Util. Auth. v. Ariz. Dep't of Revenue, 608 F.2d 1228, 1233 (9th Cir. 1979). Challenges to subject matter jurisdiction may be raised any time, by any party, or by the Court. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir.

1988). "For motions to dismiss under Rule 12(b)(1), unlike a motion under Rule 12(b)(6), the moving party may submit affidavits or any other evidence properly before the court.... It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Ass'n of Am. Med. Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir.2000).

**III.    Discussion**

The United States' Motion to dismiss is premised on the basis that this Court does not have jurisdiction to entertain Plaintiff's Complaint because of the sovereign immunity afforded to the United States. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981)(noting that United States "is immune from suit save as it consents to be sued..."). The United States contends the waiver of sovereign immunity provided by the FTCA does not apply to Plaintiff's claims because there is no indication that the alleged torts were committed by federal employees acting within the scope of their employment. See United States v. Orleans, 425 U.S. 807, 813 (1976) (stating that FTCA is a limited waiver of the Government's sovereign immunity applying to certain torts of federal employees acting within the scope of their employment). Specifically, the United States cites the lack of any contractual relationship between CRIT CPS, the entity identified in Plaintiff's Complaint as being negligent in placing the foster children at Plaintiff's home, and the United States. Thus, the United States contends that because Plaintiff's Complaint does not suggest any negligence of governmental employees, dismissal is proper.

The United States notes that while there was a contract pursuant to the Indian Self Determination and Education Assistance Act of 1975 (ISDEAA), commonly referred to as a 638 contract, with the CRIT Social Services division ("Social Services"); no such contract extended to CRIT CPS. Support for this position is based upon the declaration of Evelyn Roanhorse, a Regional Social Service Worker, with the BIA. (Defendant's Motion, Exhibit 4). According to Ms. Roanhorse, she possessed the authority to oversee compliance of CRIT Social Services with all 638 contracts; however she did not have any such type of authority

1 with respect CRIT CPS. (Id.). While the contract between CRIT Social Services and the
2 BIA did possess a provision deeming employees performing work under the contract to be
3 federal employees for purposes of the FTCA (Defendant's Motion, Exhibit 3, Attachment 2
4 p.32 of 35) no such provision extended to CRIT CPS. Thus, the United States argues that
5 because the CRIT CPS employees are not employees of the United States for purposes of the
6 FTCA, the United States' sovereign immunity bars Plaintiff's suit.

7 In response to the United States' position and after performing limited discovery on
8 this issue, Plaintiff concedes that the CRIT CPS employees identified in the Complaint are
9 not United States employees for purposes of the FTCA. However, Plaintiff asserts that this
10 fact does not deprive this Court of subject matter jurisdiction. Rather, Plaintiff contends that
11 while he may have referenced the wrong tribal entity in CRIT CPS in the Complaint, the
12 limited discovery performed demonstrates that CRIT Social Services, the agency which does
13 possess federal employees for purposes of the FTCA, may have acted negligently as
14 generally alleged in Plaintiff's Complaint. For instance, Plaintiff notes that Ms. Roanhorse
15 testified at her deposition that CRIT Social Services should have been the CRIT entity to
16 place the foster children at Plaintiff's residence rather than CRIT CPS. Ms. Roanhorse
17 testified in pertinent part:

> Q: Had the placement of this boy in the Andrade family been done pursuant to the regulations, the placement should have been done by social services?
>
> A. Placement should have been done by social services, yes.
>
> Q: And that should have been done by social service, yes.
>
> A. Under a 638 contract, yes, after all the eligibility conditions have been met...

(Plaintiff's Response, Exhibit 1, p.28, ll. 15-23).

In addition, Ms. Roanhorse acknowledges that in this case even though placement of the foster children was performed solely by CRIT CPS, federal funding for such placement and care for the foster children was provided by CRIT Social Services. (Plaintiff's Response, Exhibit 1, pp.24-25, ll.11-2). Based upon this testimony, Plaintiff believes that dismissal for lack of subject matter jurisdiction is inappropriate because the testimony suggests that CRIT

- 4 -

1  Social Services, a contracting party with the United States, may have breached its duty to
2  Plaintiff with respect to placement and supervision of the foster children at issue.  Plaintiff
3  states that "[w]hile the references to CRIT CPS  [in the Complaint] may be incorrect and
4  CRIT social services should have been referenced, neither of these entities are the named
5  defendant - that is the United States of America and properly based on the testimony of Ms.
6  Roanhorse."  (Plaintiff's Response, p.5).  Thus, Plaintiff requests that the Court deny the
7  United States' Motion to dismiss and grant Plaintiff leave to amend the Complaint to
8  reference CRIT Social Services as the proper CRIT agency in the amended complaint.

9         The Court agrees with the United States that dismissal of Plaintiff's existing
10 Complaint is warranted as there is no dispute that CRIT CPS, the identified CRIT entity in
11 Plaintiff's Complaint, is not an employee of the United States.  In looking specifically to
12 Plaintiff's Complaint, Plaintiff's basis for subject matter jurisdiction based upon the FTCA
13 is clearly premised on the existence of a contractual relationship between CRIT CPS and the
14 United States.  Because there is no such relationship suggesting CRIT CPS employees are
15 federal employees for purposes of the FTCA, dismissal is appropriate as the United States'
16 sovereign immunity applies.

17        However, while the Court finds that dismissal is warranted based upon Plaintiff's
18 erroneous allegations regarding the relationship between the United States and CRIT CPS,
19 the Court finds that leave to amend, as requested by Plaintiff, is warranted.  It is clear that
20 CRIT Social Services acts in employer-employee relationship with the United States for
21 FTCA purposes in the context of 638 contracts. (Motion to Dismiss, Exhibit 3, Attachment
22 2, p.32 of 35).  Moreover, based upon the limited discovery presented it appears that CRIT
23 Social Services may have been the entity that should have placed the foster children rather
24 than CRIT CPS. The limited discovery also suggests that CRIT Social Services provided the
25 funding for placement and care of the foster children with Plaintiff. (Plaintiff's Response,
26 Exhibit 1, pp.24-25, ll.11-2).  Thus, the contractual relationship between the United States
27 and CRIT Social Services as well as CRIT Social Service's involvement in the placement and
28

- 5 -

1 care of the foster children provides the foundation for Plaintiff's claims pursuant to the
2 FTCA.
3       In addition, the Court finds unpersuasive the United States' argument regarding the
4 futility of any amendment because of Plaintiff's alleged non-compliance with 28 U.S.C. §
5 2675(a) in filing his administrative complaint with the Department of the Interior.  Section
6 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

11       The filing of an administrative claim is a jurisdictional prerequisite which must be
12 strictly adhered to.  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000)(citing
13 Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995).  The purpose of the
14 administrative claim requirement is "to encourage administrative settlement of claims against
15 the United States and thereby prevent an unnecessary burdening of the courts."  Brady, 211
16 F.3d at 503 (citing Jerves v. United States, 966 F.2d 517, 520 (9th Cir. 1992)); see also Lopez
17 v. United States, 758 F.2d 806, 809-10 (1st Cir. 1985) (stating purpose of administrative
18 claims process is "to furnish notice to the government sufficient to allow it to investigate the
19 alleged negligent episode to determine if settlement would be in the best interests of all.").
20 With respect to the detail of an administrative claim, the person injured or personal
21 representative, "need only file a brief notice or statement with the relevant federal agency
22 containing a general description of the time, place, cause and general nature of the injury and
23 the amount of compensation demanded.  Goodman v. United States, 298 F.3d 1048, 1055 (9th
24 Cir. 2002) (citing Warren v. United States Dep't. of Interior Bureau of Land Mgmt., 724 F.2d
25 776, 779 (9th Cir. 1984); Avery v. United States, 680 F.2d 608, 610 (9th Cir. 1982) ("[a]
26 skeletal claim form, containing only the bare elements of notice of accident and injury and
27 a sum certain representing damages, suffices to overcome an argument that jurisdiction is
28 lacking.").

1    The United States contends that any amendment of Plaintiff's Complaint providing
2 allegations against CRIT Social Services would be futile because Plaintiff failed to properly
3 exhaust his administrative remedies as to claims of negligence involving CRIT Social
4 Services. The United States takes exception to the fact that the administrative complaint like
5 the present Complaint before this Court did not identify CRIT Social Services as the
6 potentially negligent United States employee, but rather identified only CRIT CPS and its
7 employees. However, the United States' position ignores the lack of detail that need be
8 associated with an administrative complaint to satisfy the FTCA's requirement pursuant to
9 § 2675(a). For instance, the Ninth Circuit in Avery, made clear that a "skeletal claim form,
10 containing only the bare elements of notice of accident and injury and a sum certain
11 representing damages, suffices to overcome an argument that jurisdiction is lacking." Id. at
12 610. Here, these requirements were met. For instance, the conduct and incident that is at
13 the heart of this very litigation was identified; the sexual assault of Anthony Goodman by the
14 foster children placed at Plaintiff's residence and the lack of any notice given to Plaintiff
15 regarding such a possibility based upon the foster children's propensity for such conduct. In
16 addition, Plaintiff provided a sum certain as an offer of settlement. (Defendant's Motion to
17 Dismiss, Exhibit 5). The fact that Plaintiff identified CRIT CPS, rather than CRIT Social
18 Services is not fatal, nor does the United States cite any such authority suggesting such.
19 Thus, because the requirements of § 2675(a) were met with Plaintiff's administrative
20 complaint, an amendment of Plaintiff's Complaint to properly assert allegations of
21 jurisdiction based upon the actions of CRIT Social Services is not futile.

22    In sum, the Court finds that based upon the pleadings and exhibits presented, dismissal
23 of Plaintiff's Complaint for lack of subject matter jurisdiction is warranted. It is undisputed
24 that CRIT CPS is not an employee of the United States for purposes of the FTCA. However,
25 the Court finds that leave to amend to include CRIT Social Services as the appropriate CRIT
26 entity in Plaintiff's allegations against the United States is proper. There is a sufficient basis
27 to assert Plaintiff's claims of negligence against the United States based upon the actions or
28 omissions of CRIT Social Services. In addition, Plaintiff's administrative complaint complies

1  with the requirements of 28 U.S.C. § 2675(a).  As such, an amended complaint would not be
2  futile.
3       **Accordingly,**
4       **IT IS HEREBY ORDERED** granting the United States Motion to Dismiss for lack
5  of subject jurisdiction. (Dkt.#12).
6       **IT IS FURTHER ORDERED** that Plaintiff's Complaint is hereby dismissed without
7  prejudice and with leave to amend.
8       **IT IS FURTHER ORDERED** that Plaintiff is directed to file any amended complaint
9  within twenty (20) days of the date this Order is filed.
10      **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter a
11 judgment of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff
12 fails to timely file an amended complaint within 20 days from the date this Order is filed
13      DATED this 31st of January, 2007.

_____
Mary H. Murguia
United States District Judge