**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERNEST ANDRADE, on behalf of ANTHONY GOODMAN, a minor,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DOES 1-25,<br><br>　　　　Defendants. | Case No. CV 05-3240-PHX-MHM<br><br>**ORDER** |

　　　　Currently pending before the Court are the parties' Joint Motion to Vacate (Dkt. #97) and Joint Motion Requesting an Additional 30 Days to File Stipulation and Order for Dismissal (Dkt. #98).

　　　　The parties jointly move to vacate the Court's September 5, 2008 order granting Plaintiff's Motion for Partial Summary Judgment. (Dkt. #83). In their sparse motion, the parties merely state that "[u]ndersigned counsel, J. Cole Hernandez, certifies that the content of the foregoing Joint Motion is acceptable to Plaintiff's counsel and said counsel has authorized J. Cole Hernandez to sign on his behalf." (Dkt. #97, p.1). That is wholly insufficient to meet either the standards of Fed.R.Civ.P. 60(b) or (d) to set aside an order of the Court, or the standards for the equitable remedy of vacatur pursuant to settlement under Supreme Court and Ninth Circuit precedent. See, e.g., Pioneer Inv. Services Co. v. Brunswick Association, 507 U.S. 380, 393 (1993) ("To justify relief under [Fed.R.Civ.P.

1  60(b)(6)], a party must show 'extraordinary circumstances' suggesting that the party is
2  faultless in the delay."); U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18,
3  29 (1994) ("We hold that mootness by reason of settlement does not justify vacatur of a
4  judgment under review. . . . [T]he determination is an equitable one, and exceptional
5  circumstances may conceivably counsel in favor of such a course. . . . . [H]owever, . . . those
6  exceptional circumstances do not include the mere fact that the settlement agreement
7  provides for vacatur-which neither diminishes the voluntariness of the abandonment of
8  review nor alters any of the policy considerations we have discussed."); Ringsby Truck
9  Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 721 (9th Cir. 1982) ("If the
10 effect of post-judgment settlements were automatically to vacate the trial court's judgment,
11 any litigant dissatisfied with a trial court's findings would be able to have them wiped from
12 the books."); Young v. Cooper Cameron Corp., 2008 WL 1748462, at *2 (S.D.N.Y. 2008)
13 ("[E]xceptional circumstances [must] be shown where vacatur is sought as part of a
14 settlement.") (citing Microsoft Corp. v. Bristol Tech., Inc., 250 F.3d 152, 154 (2d Cir.
15 2001)); but see BMC, LLC v. Verlan Fire Ins. Co., 2008 WL 2858737, at *2 (W.D.N.Y.
16 2008) (finding exceptional circumstances present to vacate a sanction orders as a result of
17 no nonparty impact, minimal public interest, and a "long a tortured history" of litigation).
18 Therefore, finding no exceptional circumstances present in this case, the Court will deny the
19 parties' Joint Motion to Vacate the Court's September 5, 2008 order.
20       In addition, the Court will deny the parties' third Joint Motion Requesting an
21 Additional Extension of Time to File a Stipulation and Order for Dismissal. (Dkt. #98). The
22 parties filed a Notice of Settlement with the Court on November 20, 2008. (Dkt. #90).
23 Pursuant to that notice, the Court issued its standard Order that the case would be dismissed
24 with prejudice within 30 days unless a stipulation to dismiss is filed prior to that date. (Dkt.
25 #92). On December 19, the parties filed a Joint Motion Requesting an Additional 60 Days
26 to File Stipulation and Order for Dismissal. (Dkt. #93). Because the parties were awaiting
27 state court approval of their Settlement, the Court granted the parties' Joint Motion, and gave
28 the parties an additional 60 days to file a Stipulation and Order for Dismissal. (Dkt. #94).

1  Then, on February 28, 2009, the parties filed a second Joint Motion Requesting an Additional
2  60 Days to File Stipulation and Order for Dismissal, this time due to delay in conservatorship
3  proceedings. (Dkt. #95). The Court granted the Stipulation in part, giving the parties until
4  March 23, 2009 to file their Stipulation and Order for Dismissal. (Dkt. #96). However, the
5  parties then filed a *third* Joint Motion Requesting an Additional Extension of Time to File
6  a Stipulation and Order for Dismissal. (Dkt. #98). The state court has already issued an
7  order appointing a conservator for the minor involved in this case and approving the parties'
8  Settlement; those orders and a request for payment were transmitted to the Judgment Fund
9  on March 4, 2009. (Id., p.1). There parties are now merely awaiting the electronic
10 transmission of the funds to Structured Financial Associations ("SFA") so SFA can purchase
11 the annuity for the minor and disburse the remaining funds. (Id., pp. 1-2). That is an
12 insufficient reason to grant the parties' third request for an extension and keep this matter
13 open; closing the case pursuant to the parties' Settlement will have no effect on the
14 transmission of funds from the Judgment Fund. As such, the Court will deny the parties'
15 Join Motion and dismiss this action, but without prejudice to the right to reopen the action
16 in the event settlement is not fully consummated.

**Accordingly,**

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Vacate Order is DENIED. (Dkt. #97).

**IT IS FURTHER ORDERED** that the parties' Joint Motion Requesting an Additional 30 Days to File Stipulation and Order for Dismissal is DENIED. (Dkt. #98).

**IT IS FURTHER ORDERED** that the Court hereby dismisses this action without costs and on the merits, but without prejudice to the right, upon good cause shown within 60 days, to reopen this action if settlement is not fully consummated.

/ / /

1 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
2 accordingly.
3     DATED this 26th day of March, 2009.

_____
Mary H. Murguia
United States District Judge